**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.

UNITY RECOVERY CENTER, INC.,

Plaintiff,

v.

STRAWBERRY FIELDS TREATMENT CENTER, LLC, FLORIDA REHABILITATION AND RECOVERY SERVICES, LLC d/b/a STRAWBERRY FIELDS TREATMENT, and THE RENEW COUNSELING CENTER, INC. d/b/a ROCK RECOVERY CENTER,

Defendants.

______________________________________/

**COMPLAINT**

Unity Recovery Center, Inc. ("Unity") hereby sues Strawberry Fields Treatment Center, LLC ("SFTC"), Florida Rehabilitation and Recovery Services, LLC d/b/a Strawberry Fields Treatment ("FRRS"), and The Renew Counseling Center, Inc. d/b/a Rock Recovery Center ("Renew"), and states as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. This is an action against the Defendants for copyright infringement as well as for unfair competition.

2. SFTC is a Florida limited liability company with its principal place of business in Broward County, Florida.

3. FRRS is a Florida limited liability company with its principal place of business in Broward County, Florida.

4. Renew is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338(a), and §1338(b).

6. This Court has personal jurisdiction over Defendants pursuant to Fla. Stat. §48.193 in that Defendants are or were doing business in the State of Florida during the relevant times of infringement.

7. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. §§ 1391(b) and (c) by virtue of the fact that the defendants are residents of that district.

8. Plaintiff has been required to retain the undersigned law firm to pursue this matter and is obligated to pay said firm a reasonable fee for its services.

9. All conditions precedent to the filing of this action have been performed, have occurred or have otherwise been waived.

## FACTS

### Unity

10. Until late 2015, Unity operated a number of alcohol and drug addiction treatment centers in South Florida. Although Unity had to temporarily shut down its operations toward the end of 2015 due to internal data security issues, it intends to reopen in the near future.

11. From 2008, when Unity was formed, through the end of 2015, Unity grew to operate multiple centers. By the 2014, Unity was treating approximately 2,500 patients annually.

12. Much of Unity's success came from its aggressive, and costly, marketing and advertising plans.

**Rehabflorida.com**

13. One aspect of those advertising plans was the use of various website domains used to direct potential patients to Unity. Rehabflorida.com was one of those website domains.

14. Rehabflorida.com was a domain owned by Unity and was used for the benefit of Unity insofar as it was linked to Unity's website.

15. That website contained Unity's marketing materials, images, information, and contact information. The website's content, first published in commerce in 2012, belonged to Unity.

16. Indeed, the content of the website constituted Unity's copyright property and was registered with the United States Copyright Office. A copy of the copyrighted Unity website content is attached hereto as composite Exhibit A.

17. Upon information and belief, SFTR, FRRS, and Renew are entity that provide the same type of services as Unity and are thus competitors of Unity.

18. Upon information and belief, someone associated with the Defendants succeeded in having the domain rehabflorida.com hijacked and diverted to Defendants.

**Infringement**

19. The domain rehabflorida.com has been used to promote the Strawberry Fields website and is now being used to promote Renew's website.

20. During the latter half of 2016 and up until recently, the rehabflorida.com domain was linked to the Strawberry Fields website. That website was owned and/or controlled by FRRS and SFTC. Thus, during that time period, if a consumer using an Internet web browser typed in rehabflorida.com in his or her web browser address bar, the consumer was directed to the Strawberry Fields website where he or she could view services offered by FRRS and SFTC.

21. The worst part is that the content contained in the Strawberry Fields' website was a direct copy of the Unity website. Other than different contact information, the wording, pictures, and coding on that website was identical to Unity's copyrighted website. A copy of Strawberry Fields' website content is attached hereto as Composite Exhibit B.

22. Sometime in December of 2016, the rehabflorida.com domain was changed so as to link to Renew's website. As did FRRS and SFTC, Renew used the content of Unity's website, although it modified some of the pictures. Nonetheless, the protected wording and imaging is identical to Unity's content. A copy of Renew's website content is attached hereto as Composite Exhibit C.

23. Unity has never consented or agreed to the Defendants' use of its copyrighted content.

24. All conditions precedent to this lawsuit have occurred, been performed, or been waived.

25. Unity has retained the undersigned counsel to represent it in this action and is obligated to pay counsel their reasonable attorneys' fees.

**COUNT I**
**(Federal Copyright Infringement)**

26. Unity realleges paragraphs 1 through 25 above.

27. Unity is, and at all relevant times has been, the copyright owner of its website content (Exhibit A), which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

28. Among the exclusive rights granted to Unity under the Copyright Act are the exclusive rights to reproduce and publish the copyrighted materials to the public.

29. Defendants, without the permission or consent of Unity, have reproduced and published Unity's copyrighted material to the public.

30. Unity is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of, and with indifference to the rights of Unity.

31. As a result of Defendants' willful infringement of Unity's copyrights and exclusive rights, Unity is entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) or disgorgement of profits, at Unity's election, and such other relief as may be provided by law. Unity is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

32. Unity has no adequate remedy at law to compensate it fully for the damages that have been caused by Defendants' actions and which would be caused by further infringement of Unity's copyrighted materials, unless future unlawful acts and infringements of this kind are enjoined by this Court. Pursuant to 17 U.S.C. §§ 502 and 503, Unity is entitled to injunctive relief prohibiting Defendants from further infringing Unity's copyrights.

**COUNT II**
**(Common Law Unfair Competition)**

33. Unity realleges paragraphs 1 through 25 above.

34. Defendants' activities as stated herein constitute unlawful competition within the State of Florida and in violation of Florida law.

35. Defendants wrongfully infringed Unity's protected copyright materials to compete against Unity.

36. As a direct and proximate result of Defendants' acts of unfair competition, Unity has suffered damages in an amount to be determined at trial.

37. Defendants' acts of unfair competition were willful, malicious and in conscious disregard for Unity's rights. Unity is therefore entitled to punitive damages.

WHEREFORE, Unity respectfully demands as follows:

a. That the Court enter judgment on Count I permanently enjoining Defendants and their agents, officers, servants, employees, successors and assigns and all others acting in concert or privity with Defendants, from imprinting, producing, publishing, using or otherwise infringing on Unity's copyrighted materials;

b. That the Court enter an award on Counts I and II awarding Unity Defendants' profits from Defendants' infringement and unfair competition;

c. That the Court enter an order on Count II awarding Unity punitive damages;

d. That the Court enter an order on Count I awarding Unity the maximum statutory damages;

e. That the Court enter an order on Counts I and II for Unity's damages;

f . That the Court enter an order requiring Defendants to pay Unity's reasonable attorneys' fees; and

g. That the Court grant such other relief as it deems just and proper.

**JURY DEMAND**

Unity demands a jury on all issues so triable.

Respectfully submitted,

**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305)416-6887

/s/ Juan Martinez
Juan Martinez, Esq.
Fla. Bar No.: 9024
Juan.Martinez@gray-robinson.com